The opinion of the court was delivered by
Gibson, J.
No error is to be found in this record; and none of the points but one, is of such importance as to merit particular consideration. John Paff the plaintiff, claimed under a conveyance from George Paff and Catherine his wife, of one third of the premises, as the patrimonial estate of the wife. It was proved that she had been married to one Lesher, who was then dead, more than thirty years; and one of the witnesses added, that she had three husbands, before she married Paff. With the exception of Lesher, there was no evidence to show, who these three husbands were, or any circumstances respecting them. On this, it was contended, that to establish the validity of the conveyance, it was necessary to show, that all these three husbands were dead at the time of executing it, because she must otherwise be considered, not as the *431 lawful wife of Paff, but of some previous husband; and consequently, that a conveyance to which her legitimate husband was not a party, would be insufficient to pass her estate. I am of opinion the court were right, in leaving the jury to presume, that the persons to whom she had been married, previously to her marriage with Paff, were dead. In an old transaction like this, the fact of a second marriage, is of itself some evidence of the death of the former husband. There are sometimes cases where it is unavoidably necessary to decide on the existence of facts, without a particle of evidence on either side, and if a decision in a particular way, would implicate a party to the transaction, in the commission of a crime, or any offence against good morals, it ought to be avoided; for the law will not gratuitously impute crime to any one, the presumption being in favour of innocence, till guilt appear. In a case like the present, this presumption will almost unvariably, accord with the truth; for the circumstance of the husband being in full life at the second marriage of the wife, rarely occurs more than once in a thousand instances. Here there were no particular circumstances, inconsistent with the presumption, the evidence being nothing more than, that the wife had been previously married; ,and it would be attended with great danger of injustice, if a casual expression of a ■witness, should unexpectedly lay a party under the necessity of unravelling all the particulars of a transaction, of thirty years5 standing. I am of opinion then, that it was not sufficient to invalidate the conveyance, to show, that the wife had been previously married; but that it lay on the plaintiff to show, that a previous legitimate husband was, at the period material to the transaction, ira full life.
Judgment affirmed.